## 53815. BOLTON v. THE STATE.

Webb, Judge.

Otto E. Bolton, sometimes referred to as Big John, was indicted by the Bibb County grand jury on March 25, 1976 for the sale of heroin on May 12, 1975 in Macon in violation of the Georgia Controlled Substances Act. His trial occurred on May 24 and 25, 1976, the jury found him guilty, and he was sentenced to prison for a term of twelve years. His motion for new trial was overruled, and in his appeal he asserts as error the following charge by the trial court:

"Now, if you believe from a consideration of the evidence in this case that the State has shown to a moral and reasonable certainty, and beyond a reasonable doubt, that at or about the time laid in the indictment, or within four years prior to the return of the indictment, this defendant committed the offense of a violation of the Georgia Controlled Substances Act by selling and possessing with intent to distribute heroin, then it would be your duty to convict him and in that event the form of your verdict would be: 'We, the jury, find the defendant guilty as charged.' "

Bolton's defense was alibi, that he was not in Macon on May 12, 1975, and he argues that because other testimony was to the effect that he was in Macon on previous occasions, the jury under that charge could convict him for the offense regardless of whether they believed the alibi testimony. We do not agree.

The only date for the alleged offense proven by the state was May 12, 1975, the date specified in the

indictment. There was nothing in the testimony charging him with an offense on any other date. Bolton relies on *Caldwell v. State,* 139 Ga. App. 279 (228 SE2d 219) (1976), but there the state alleged in the indictment that the defendant committed the crime at a certain time, and at trial sought to prove that the crime was committed at another time, surprising the defendant and rendering worthless his alibi for the time alleged in the indictment.

An instruction almost identical to the instruction in the present case was upheld by this court in *Carr v. State,* 95 Ga. App. 513 (98 SE2d 231) (1957). In holding that the charge was not reversible error, it was emphasized that the date alleged in the indictment, the date of the crime as shown by the state's proof, and the date of the alibi all coincided so that presumably the jury was not misled by the charge.

Also, the Supreme Court in *Gravitt v. State,* 220 Ga. 781, 783, 784 (2) (141 SE2d 893) (1965) refused to reverse a conviction against a similar challenge. The court said: "There is nothing in the part of the charge claimed to be erroneous which indicates that the defendant would be required to account for his presence during the period of the statute of limitation. All of the State's evidence showed that the robbery occurred on the date charged in the indictment. . . The evidence for the defendant supporting his contention that he was not at the scene of the crime at the time of its commission related to this same date and time. In order to convict the defendant the jury must have believed that he committed the crime on the date charged in the indictment. The charge complained of was not erroneous."

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED MAY 4, 1977 — DECIDED MAY 6, 1977.

*Frank B. Lanneau, III,* for appellant.
*Walker P. Johnson, District Attorney, Graham A. Thorpe, Assistant District Attorney,* for appellee.