61652. THOMAS v. THE STATE.

BANKE, Judge.

On appeal from his conviction for the armed robbery of a convenience store clerk, the appellant contends that because he presented an alibi defense, the court erred in charging the jury that the allegation in the indictment regarding the date of the offense was not material. He further contends that the trial judge asked questions of witnesses and made certain comments which were prejudicial to him. *Held:*

1. The court charged that each allegation of the indictment was material "saving only the date of the offense and . . . the amount . . . of money charged to have been taken, it being sufficient as to the date if the indictment is returned at any time within four years from the commission of the offense . . ." Although this was technically a correct

statement of law, we agree with the appellant that it was potentially confusing in light of his alibi defense. Cf. *Caldwell v. State,* 139 Ga. App. 279 (228 SE2d 219) (1976). It has been held, however, that where, as here, the date alleged in the indictment coincides with both the date proved by the state and the date proved by the defense in support of the alibi, and the trial court properly charges the jury that the state has the burden of proving the accused's presence at the scene at the time of the commission of the offense, such a charge does not constitute reversible error. *Gravitt v. State,* 220 Ga. 781 (2) (141 SE2d 893) (1965); *Bolton v. State,* 142 Ga. App. 236 (235 SE2d 656) (1977). The better practice would be to refrain from giving such a charge unless (1) the defendant has not developed an alibi defense in reliance upon the date alleged in the indictment and (2) the evidence would authorize the jury to conclude that the offense was actually committed on a date different from that alleged in the indictment.

2. Where the trial judge is alleged to have made a prejudicial remark or to have asked a prejudicial question during the course of the trial in violation of Code § 81-1004, an objection or motion for mistrial must be made in order to preserve the issue for appeal. *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374) (1972); *Driggers v. State,* 244 Ga. 160 (2) (259 SE2d 133) (1979); *Collins v. State,* 143 Ga. App. 583 (3) (239 SE2d 232) (1977). Although the appellant made no such objection or motion in this case, we have nevertheless examined the judge's comments and have determined that they were not prejudicial.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 20, 1981.

*Winship E. Rees,* for appellant.
*W. Bryant Huff, District Attorney, William P. Rowe, Assistant District Attorney,* for appellee.