## 61837. BANKSTON v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of the burglary of an airplane in which a distance measuring equipment radio (hereinafter "DME radio") was taken. By means of the serial number found on the equipment, a co-owner of the burglarized plane identified as his property a DME radio recovered by law enforcement officers from a dealer in aircraft radios. The co-owner further stated that he had not authorized anyone to remove the DME radio from the plane. The dealer from whom the radio was recovered testified that he had purchased the radio from appellant. Appellant, who had a business which dealt in used airplane parts, testified that he had received the DME radio through the mail from an aircraft salvage company in Florida with whom he had previously done business. He stated that, unaware of the stolen nature of the radio, he had sold it to the dealer from whom it had been recovered.

1. Appellant contends that the trial court erred when it allowed the state to introduce evidence of separate transactions which allegedly placed appellant's character into evidence. The evidence consisted of testimony by the man to whom appellant had sold the DME radio that he had done business with appellant for over four years, and appellant's admission that he had previously transacted business with both the man from whom he had purchased the radio and the man to whom he had sold it.

The general rule is that evidence of other criminal acts of the defendant is inadmissible because it tends to place the defendant's character into evidence. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321); *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). Since the evidence of which appellant complains did not concern other criminal acts

allegedly done by appellant, no error resulted from the admission of the evidence.

2. Secondly, appellant maintains that the trial court erred when appellant's motion for a mistrial was denied after the above testimony and documentary evidence of separate transactions was introduced by the state, allegedly in violation of a stipulation that such evidence would be used for identification purposes only.

" 'The trial judge in passing on motions for mistrial has a wide discretion . . . which will not be disturbed unless manifestly abused . . . Unless it is apparent that a mistrial is essential to preservation of the right of a fair trial, the discretion of the trial judge will not be interfered with.' [Cit.]" *Clyatt v. State,* 126 Ga. App. 779, 784 (192 SE2d 417). As the trial court noted, appellant had testified that he had received the radio in question as part of a purchase, and there was no evidence that the subjects of the other transactions were stolen. The trial court did not abuse its discretion when it denied appellant's motion for a mistrial.

3. Appellant next contends that the trial court committed reversible error when it refused to grant appellant's motion for a mistrial after it had allowed the state to call a witness to impeach its own documentary evidence. After appellant's objection, the court instructed the jury to disregard entirely the testimony of the offending witness. Appellant did not renew his motion for a mistrial after the curative instruction was given. Since the rule requiring renewal of a motion for a mistrial following curative instructions has been retained in criminal cases, the issue has not been preserved for appellate review. *Gooch v. State,* 155 Ga. App. 708 (3) (272 SE2d 572); *Burgess v. State,* 149 Ga. App. 630 (1) (255 SE2d 100); *Clyatt v. State,* supra.

4. Finally, appellant urges that there was insufficient evidence to convict him of burglary. The state did not produce evidence showing that appellant had unlawfully entered the airplane and removed the DME radio. The only evidence connecting appellant to the burglary was the fact that he had had the radio in his possession and had sold it to a third party two to six days after the burglary. The state based its case on a rule long established in this state: where a burglary is proven, recent unexplained possession of the stolen goods by the defendant creates an inference sufficient to convict even without direct proof or circumstantial evidence that the defendant committed the burglary. See *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251); *Selph v. State,* 142 Ga. App. 26 (4) (234 SE2d 831). To convict a defendant of burglary based upon recent possession of stolen goods, it must be shown that the goods were stolen in a burglary and there must be an absence of or an unsatisfactory explanation of that

possession. *Allen v. State,* 146 Ga. App. 815 (1) (247 SE2d 540). Whether the defendant's explanation of the possession was a satisfactory explanation is a question for the jury. *James v. State,* 150 Ga. App. 357 (1) (258 SE2d 40); *Allen v. State,* supra; *Evans v. State,* 138 Ga. App. 460 (1) (226 SE2d 303). In view of the verdict in this case, it is clear that the jury determined that appellant's explanation was not adequate. The evidence supported the verdict. *James v. State,* supra, p. 358.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JULY 2, 1981 —
REHEARING DENIED JULY 20, 1981 

*Ken Gordon, Casper Rich, R. Hopkins Kidd,* for appellant.
*Arthur E. Mallory III, District Attorney,* for appellee.