## 63558. HENDERSON v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of burglary. Only the general grounds are raised in related enumerations of error.

The evidence adduced at trial demonstrated that, on the morning of the burglary, appellant made several attempts to sell merchandise which was being displayed in the trunk of his automobile. One of the prospective "customers" became suspicious and gave the police the tag number and a description of both the vehicle and the merchandise being offered for sale. At the time the officers discovered the vehicle, appellant was not in it. The automobile was being operated by appellant's co-defendant who, after being stopped, gave the officers permission to search the trunk. When the trunk of appellant's automobile was opened, the officers discovered that the "merchandise" was property which, some two hours earlier, had been reported as having been stolen in a burglary. Appellant's co-defendant was arrested at that time and appellant himself was apprehended subsequently. At trial, the only evidence offered by appellant to explain the presence of the recently stolen property in the trunk of his car and his offering it for sale was his city business license which authorized him to sell "[c]lothing and dry goods, from a car."

"When property alleged to be stolen is proven to be stolen property and the crime charged has been committed by someone, the recent unexplained possession of the stolen property by the defendant is a circumstance from which guilt may be inferred. [Cit.] From this, it may be inferred that the defendant charged committed the theft proven. This being so, no further proof, circumstantial or

direct, showing that the appellant committed the burglary was necessary for conviction. [Cit.]" *Humes v. State,* 143 Ga. App. 229 (237 SE2d 704) (1977). "To convict a defendant based upon recent possession of stolen goods, it must be shown the goods were stolen and there must be an absence of or an unsatisfactory explanation of that possession. [Cit.] The proof of these facts beyond a reasonable doubt creates a presumption or permissible inference of the defendant's guilt, that is that the defendant himself committed the crime charged and proven." *Selph v. State,* 142 Ga. App. 26, 29 (234 SE2d 831) (1977).

The evidence in the instant case clearly satisfies the standard of proof stated above. While appellant was not present in the automobile when the stolen goods were discovered, the law does not require proof that the stolen property was recovered from the possession of the defendant. The law requires only proof that the stolen goods were in the recent possession of the defendant. The evidence in the instant case shows recent possession by appellant. See generally *Brown v. State,* 157 Ga. App. 473, 474 (1) (278 SE2d 31) (1981); *Evans v. State,* 156 Ga. App. 162, 163 (2) (275 SE2d 341) (1980); *Bankston v. State,* 159 Ga. App. 342, 343 (4) (283 SE2d 319) (1981); *Jackson v. State,* 159 Ga. App. 287 (283 SE2d 353) (1981). The stolen merchandise not being clothing or dry goods, the jury was authorized to find that appellant's business license was an insufficient explanation of the recent possession. *Bankston,* 159 Ga. App. 342, supra; *Jackson,* 159 Ga. App. 287, supra. After a review of the entire record, we find that a rational trior of fact could reasonably have found the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. See *Williamson v. State,* 248 Ga. 47 (281 SE2d 512) (1981).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 12, 1982.

*William H. Hedrick,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.