### 65805. APPLIN v. THE STATE.
### 65806. WILLIAMS v. THE STATE.

SHULMAN, Chief Judge.

Based on the theory of unexplained possession of recently stolen property, appellants were convicted of the burglary of a sporting goods store.

1. Appellants' contention that there was not sufficient evidence to identify as fruits of the burglary the property recovered by police officers in searches of appellants' homes is meritless. The owners of the stolen merchandise were very positive in their testimony identifying the goods and giving the bases for the recognition of the merchandise. Their testimony was sufficient.

*Herrington v. State,* 149 Ga. App. 130 (253 SE2d 810).

2. Both appellants have included among their enumerated errors the trial court's denial of their motions for directed verdicts. The motions were predicated on an alleged lack of evidence showing that appellants were ever in possession of the stolen property.

As to appellant Williams, we find no error in the denial of his motion for directed verdict. The testimony of the police officer who searched Williams' home established that the stolen goods found there were located in a portion of the crawl space accessible only through a bedroom. Appellant Williams' mother testified that the bedroom from which the crawl space was accessible was occupied by Williams and a five-year-old. That evidence was sufficient to show Williams' recent possession of the goods found in the crawl space. *Henderson v. State,* 162 Ga. App. 345, 346 (291 SE2d 422).

As to appellant Applin, however, we are constrained to hold that there was no probative evidence connecting him with the stolen goods. The evidence showed that Applin was one of six persons residing in the home in which the property was found. The only testimony which might have connected Applin with the room from which the goods were recovered was the hearsay testimony of the searching officer that he found the property in a room identified to him as Applin's. Since hearsay testimony, even if admitted without objection, has no probative value (*Collins v. State,* 146 Ga. App. 857, 860 (247 SE2d 602)), the officer's testimony is not evidence that the goods were found in a room occupied by appellant Applin. There being no evidence which connected the property to Applin more than to any of the other residents of the house in which the property was found, the trial court erred in denying Applin's motion for a directed verdict of acquittal. See *Benda v. State,* 142 Ga. App. 555 (236 SE2d 535).

3. Appellant Williams' argument that it was error for the trial court to charge on constructive possession was based solely on his contention that there was no evidence of constructive possession to authorize such a charge. Our holding in Division 2 of this opinion controls that contention adversely to Williams.

4. Williams asserts that even if he was shown to be in recent possession of stolen property, that fact would not warrant his conviction. That contention is controlled adversely to him by *Henderson v. State,* supra.

5. The trial court's jury instruction on the statute of limitation included the statement that the jury could convict the defendants if they found the defendants had committed the crime as charged in the indictment anytime within the four years preceding the date of the indictment. Williams contends that the instruction deprived him of

his defense of alibi. We do not agree.

The date alleged in the indictment was the date shown by the evidence to be the date of the crime and was also the date shown in support of appellant's alibi defense. The court instructed the jury correctly on the defense of alibi and on the state's burden of proof. Under those circumstances, although it would have been better practice not to have given the charge complained of, no reversible error appears. *Thomas v. State,* 158 Ga. App. 97 (1) (279 SE2d 335).

6. The trial court ordered restitution in the amount of $2,600. Appellant concedes that the evidence showed a loss of merchandise valued at $2,600, but argues that the restitution should have been reduced by the value of the goods returned to the victim. Unfortunately, there was no evidence at trial that any of the stolen merchandise had ever been returned to the victims or, indeed, that any of it would be returned. We see no error in the amount of restitution ordered. OCGA § 17-14-9 (Code Ann. § 27-3009).

7. The final argument made on this appeal is that the trial court erred in denying the appellants' motion for new trial, which was based on alleged juror misconduct. In support of the motion, an affidavit of a juror was submitted in which the juror swore that another juror told the jury during its deliberations that he had seen one of the defendants in a store attempting to shoplift. The affidavit also included the affiant's handwritten emendation to the effect that what he was told by the other juror did not affect his decision to vote for conviction. The trial court considered this issue on the motion for new trial and found no reason to grant a new trial. Reviewing the record before us, we are inclined to agree. We conclude that it is highly probable that the alleged misconduct did not infect the verdict and that no reason for reversal is presented. *Bell v. State,* 163 Ga. App. 672 (1) (295 SE2d 147).

*Judgment reversed in Case No. 65805. Judgment affirmed in Case No. 65806. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 31, 1983 —
REHEARING DENIED JUNE 15, 1983 — 

*Velma C. Tilley,* for appellants.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.