## 40076. WILLIAMS v. THE STATE.

MARSHALL, Presiding Justice.

In this case, the appellant Williams and a co-defendant Applin were convicted of burglary based, in part, on proof of their recent, unexplained possession of the stolen goods. The Court of Appeals affirmed Williams' conviction. As authority, the Court of Appeals

cited *Henderson v. State,* 162 Ga. App. 345 (291 SE2d 422) (1982), which contains the holding that recent, unexplained possession of stolen property is a circumstance which, standing alone, is sufficient to support a conviction of burglary of the goods. In affirming Williams' conviction, the Court of Appeals also sustained the trial court's denial of Williams' motion for new trial, which was based on an affidavit of one of the jurors to the effect that another juror had told the jury during its deliberations that he had seen one of the defendants in a store attempting to shoplift. However, this juror also stated that this did not affect his decision to vote for a conviction. The Court of Appeals found it highly probable that this alleged misconduct did not infect the verdict. We granted certiorari in order to consider these issues concerning juror misconduct and the sufficiency of the evidence to support the conviction.

1. In *Watkins v. State,* 237 Ga. 678 (229 SE2d 465) (1976), this court ordered a new trial for a defendant convicted of armed robbery and simple battery, because two of the jurors had made an unauthorized visit to the scene of the crime and gathered critical evidence which was reported to the other jurors. In ordering a new trial, the court held that the rule prohibiting jurors from impeaching their own verdict had to give way to the constitutional rights of the defendant to a fair trial and to be presented with witnesses against him.

However, the court recognized that the rule prohibiting jurors from impeaching their verdict "is rooted deeply in Georgia law. There are a number of important public policy considerations underlying the rule which prove its sagacity. Among these considerations are: the need to keep inviolate the sanctity of juror deliberations, the desirability of promoting the finality of jury verdicts and the necessity of protecting jurors from post-trial harassment." 237 Ga., supra at pp. 683, 684. Thus, although holding that the rule could not be applied in *Watkins* without emasculating the defendant's right to a fair trial, the court acknowledged that, "[t]he rule has a valid and salutary application in disallowing jurors to impeach their verdicts on the basis of statements made to one another in the jury room and the effect of those statements on the minds of the individual jurors." Id. at p. 685. This is precisely the situation here.

However, we need not go so far as to hold that extra-record statements made by a juror concerning the defendant during the course of jury deliberations can never be so prejudicial as to infect the verdict and require that the defendant be given a new trial. What we do hold is that to allow a jury verdict to be upset solely because of such statements goes very far toward impugning the sanctity of jury deliberations, undermining the finality of jury verdicts, and

subjecting jurors to post-trial harassment. Therefore, we will not allow a jury verdict to be upset solely because of such statements unless the statements are so prejudicial that the verdict must be deemed "inherently lacking in due process." See United States v. McMann, 435 F2d 813, 818 (2nd Cir. 1970). Under the rulings of the trial court and Court of Appeals, both of these courts necessarily found that, under the record here, the statements made by the juror in this case have not been shown to be this prejudicial. We agree.

2. As we have recently held in *Bankston v. State,* 251 Ga. 730 (309 SE2d 369) (1983), although the evidence of recent, unexplained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary, the sufficiency of the evidence to support the conviction must still be adjudged by the totality of the evidence under the reasonable-doubt standard applied in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Therefore, the Court of Appeals' judgment affirming the appellant's burglary conviction is vacated, and the case is remanded for consideration of the question of whether the evidence is sufficient to support that conviction under the Jackson v. Virginia reasonable-doubt standard.

*Judgment vacated and case remanded. All the Justices concur, except Hill, C. J., and Smith, J., who concur in Division 2 and the judgment. Gregory, J., disqualified.*

DECIDED JANUARY 5, 1984 —
REHEARING DENIED JANUARY 18, 1984.

*Vaughan & Tilley, Velma C. Tilley,* for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.

SMITH, Justice, concurring in judgment only.

I concur in the judgment but I do not agree with all that is said in Division 1, for reasons stated in my dissent in *Boles v. State,* 252 Ga. 1 (—— SE2d ——) (1984). See also *Martin v. State,* 242 Ga. 699, 701 (251 SE2d 240) (1978).