## 65806. WILLIAMS v. THE STATE.

McMurray, Chief Judge.

This court's affirmance of defendant's conviction of burglary (*Williams v. State,* 166 Ga. App. 892 (305 SE2d 644)) was vacated and remanded by the Supreme Court for our consideration of the question of whether the evidence is sufficient to support defendant's conviction under "the reasonable-doubt standard applied in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." See *Williams v. State,* 252 Ga. 7, 9 (2) (310 SE2d 528).

In *Williams v. State,* 166 Ga. App. 892, 893 (3) (4), supra, we affirmed this defendant's conviction based upon *Henderson v. State,* 162 Ga. App. 345, 346 (291 SE2d 422), in that where there is a conviction of burglary based upon the recent possession of stolen property "there must be an absence of or an unsatisfactory explanation of that possession," and that "proof of these facts beyond a reasonable doubt creates a presumption or permissible inference of the defendant's guilt," that is, that the defendant committed the crime charged and proven. See *Selph v. State,* 142 Ga. App. 26, 29 (234 SE2d 831). *Henderson v. State,* supra, then cited *Bankston v. State,* 159 Ga. App. 342, 343 (4) (283 SE2d 319), that after a review of the entire record this court found that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of the defendant's guilt beyond a reasonable doubt, also citing *Williamson v. State,* 248 Ga. 47, 48-58 (281 SE2d 512).

Based upon *Bankston v. State,* 251 Ga. 730, 731 (309 SE2d 369), the Supreme Court in *Williams v. State,* 252 Ga. 7, 9 (2), supra, held that "although the evidence of recent, unexplained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary, the sufficiency of the evidence to support the conviction must still be adjudged by the totality of the evidence under the reasonable-doubt standard applied in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." Therefore, our judgment of affirmance was vacated and the case remanded for our consideration of the question of whether the evidence is sufficient to support that conviction under the "reasonable-doubt standard." *Held:*

First of all, the Supreme Court did not reverse our judgment

which would have mandated a new trial, but merely vacated and remanded same for further consideration of the case. We originally determined that the case was controlled by *Henderson v. State*, 162 Ga. App. 345, 346, supra, that is, after a review of the entire record a rational trier of fact could reasonably have found from the evidence adduced at trial proof of the defendant's guilt beyond a reasonable doubt although we did not use this language, merely holding that it was controlled by *Henderson v. State*, supra.

Second, we again proceed to examine the evidence in this case, that is, as shown in *Williams v. State*, 166 Ga. App. 892, 893 (2), supra. In our ruling on the motion for directed verdict we pointed out that the testimony of a police officer "established that the stolen goods found . . . were located in a portion of the crawl space [of the dwelling] accessible only through a bedroom" and that the defendant's mother testified the bedroom "was occupied by [the defendant and a five-year-old child]." This evidence was sufficient to show the defendant's recent possession of the goods found in the crawl space. In addition, there was other direct and circumstantial evidence here which connects this defendant with the burglary in that he was observed in the store prior to the burglary (casing the premises, in all probability) and further there were tracks in the snow leading from the store in the general direction of the street on which the defendant lived. The defendant did not testify.

The evidence here consisting of direct and circumstantial evidence was sufficient to authorize a rational trier of fact to reasonably find defendant guilty as charged beyond a reasonable doubt, and we, likewise, as well as the jury, make such determination. See Jackson v. Virginia, 443 U. S. 307, supra; *Hampton v. State*, 250 Ga. 805, 808 (301 SE2d 274); *Conger v. State*, 250 Ga. 867, 870 (301 SE2d 878).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JUNE 18, 1984 —
REHEARING DENIED JULY 16, 1984 —

*Velma C. Tilley,* for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.