69775. McCOY v. THE STATE.
(330 SE2d 746)

CARLEY, Judge.

Appellant was tried before a jury and convicted of molesting his eleven-year-old stepdaughter. His motion for new trial was denied and he appeals.

1. Relying upon *Arnold v. State*, 167 Ga. App. 720 (307 SE2d 526) (1983), appellant enumerates as error the denial of his motion for a continuance. *Arnold v. State*, supra at 721, provides: "In this case, counsel for appellant had obviously concentrated his defense on the presentation of an alibi pertinent to the date alleged in the indictment. . . . When the [S]tate revealed its intent at trial merely to prove that the alleged offense had occurred within the limitation period, rather than to prove the specific date indicated in the indictment, the appellant promptly moved for a continuance. Based upon the showing of genuine surprise and prejudice resulting from the

[S]tate's disclosure that it did not intend to prove the date alleged in the indictment, we hold that the trial court erred in denying the motion."

In the instant case, the indictment alleged that appellant had committed an act of molestation on April 2, 1983. The State never wavered in its efforts to prove the commission of the crime on this date, and the evidence adduced at appellant's trial is sufficient to authorize a finding that he did perpetrate an act of molestation on that day. The basis for appellant's contention that his motion for a continuance should have been granted is the admission of testimony by the victim concerning acts of molestation that appellant had committed against her prior to April 2, 1983. It does not appear, however, that this testimony was admitted as proof of the corpus delicti of the crime for which appellant had been indicted. Instead, it was "similar transactions" evidence which was merely relevant to the issue of whether appellant had committed the alleged crime on April 2, 1983. The evidence of similar previous sexual misconduct by appellant "was admissible to show common scheme, bent of mind, intent, and course of conduct. [Cits.]" *Stevens v. State*, 167 Ga. App. 744, 745 (307 SE2d 535) (1983). Also, " '[i]n child molestation cases evidence of other similar or connected sexual offenses against children is admissible . . . to show the lustful disposition of the defendant. [Cits.]' [Cit.]" *Noles v. State*, 172 Ga. App. 228, 230 (322 SE2d 910) (1984).

Thus, *Arnold v. State*, supra, is inapplicable. The State was not attempting to prove that *the* crime for which appellant was being tried had occurred on another date. Instead, the State merely offered "similar transactions" evidence as relevant to the issue of appellant's commission of the crime as alleged in the indictment. Under these circumstances, appellant's remedy was not a motion for continuance. A request should have been made for jury instructions as to the limited relevancy of the otherwise admissible evidence. See *Stevens v. State*, supra at 745 (2). Apparently, no such request was made. " '[T]he court did not err, either at the time of admitting the evidence or in his general charge, in failing to instruct the jury, without any request therefor, that the purpose for which this evidence was allowed in evidence was merely to show a scheme or plan on the part of the accused to commit the crime for which he was being tried. [Cits.]' [Cit.]" *Stevens v. State*, supra at 745 (3).

2. Appellant asserts that the trial court erred in charging the jury as follows: "[A]ll the allegations in the indictment are material except the very date upon which [it] is alleged the crime is committed, if such crime was committed. As to that, it would be sufficient if it is shown that the crime, if any, was committed any time within four years prior to the return of this indictment. . . ."

The instruction is a correct statement of a general principle of

law. "Where the date alleged in the indictment is not a material element of the offense, the [S]tate may prove the offense as of any date within the statute of limitation. [Cits.]" *Arnold v. State*, supra at 720 (1). The principle is applicable even though the defense is alibi. *Caldwell v. State*, 139 Ga. App. 279, 286-287 (228 SE2d 219) (1976). Yet, it has also been recognized that, as a jury instruction, the legal principle is "potentially confusing in light of [the] alibi defense. [Cit.]" *Thomas v. State*, 158 Ga. App. 97, 98 (279 SE2d 335) (1981). "We have also held, however, that unless time is of the essence of the crime or is expressly made material, such an instruction is not grounds for reversal so long as the requirements set forth in *De Palma v. State*, 225 Ga. 465 (169 SE2d 801) (1969) are fulfilled . . . ." *LaPan v. State*, 167 Ga. App. 250, 253 (3) (305 SE2d 858) (1983). Those requirements were fulfilled in the case at bar. Accordingly, although the better practice would have been to refrain from giving the charge in the instant case, the fact that it was given "does not constitute reversible error." *Thomas v. State*, supra at 98. See also *LaPan v. State*, supra.

3. Appellant enumerates as error the admission of his in-custody incriminating statements. He asserts that they were not freely and voluntarily given.

"We reject any test more stringent than that required by *Miranda v. Arizona*, 384 U. S. 436, 474 (86 SC 1602, 16 LE2d 694) [1966]. Certainly the fact that a suspect is unable to read or write is one factor to be considered in determining whether he has freely and voluntarily waived his rights to silence and assistance of an attorney before making a statement to a law enforcement officer, but the fact of the lack of literacy does not dictate a determination that there was not a voluntary, knowledgeable waiver. [Cit.]" *Johnson v. State*, 158 Ga. App. 333, 334 (280 SE2d 379) (1981). Thus, appellant's lack of his reading glasses at the time his statements were orally given and written down by the officer — allegedly resulting in his inability to read or write the statements that he nonetheless signed after they were read to him — is no basis for holding that the statements were not freely and voluntarily given.

"Unless factual credibility findings of a trial court in determining the voluntariness of a defendant's statement or confession are shown to be clearly erroneous, those findings must be accepted by this court. [Cits.]" *Tucker v. State*, 245 Ga. 68, 69 (3) (263 SE2d 109) (1980). As against appellant's remaining assertions on appeal, there was sufficient evidence produced by the State from which the trial court could and did find that the statements, handwritten by the officer and signed by appellant, were voluntary. The statements were not erroneously admitted into evidence.

4. Prior to trial, appellant filed a motion pursuant to OCGA § 17-7-210, as well as a *Brady* motion. At trial, the State sought to intro-

duce a letter that had been written to the victim and signed by appellant. The letter stated: "I am your parent. I'm sorry about what happened. It was not your fault. I am the parent and I should have stopped the sexual relation. I want to change and become a better parent." This letter was admitted into evidence over appellant's objection that he had not been provided a copy pursuant to his pre-trial motions. The admission of the letter is enumerated as error.

OCGA § 17-7-210 (a) provides for the discovery of "any statement given by [a defendant] while in police custody." The letter in the instant case was not written by appellant while he was in police custody, but while he was out on bond. Although a defendant's statement need not be a product of custodial *interrogation* to be discoverable pursuant to OCGA § 17-7-210, it must have been made while in police custody. See *Walraven v. State*, 250 Ga. 401, 405 (2) (297 SE2d 278) (1982). The letter was not erroneously admitted in violation of OCGA § 17-7-210. See *Powell v. State*, 171 Ga. App. 876, 881 (321 SE2d 745) (1984).

"A [*Brady*] motion . . . does not reach the defendant's own statements made prior to trial for they are already known to the defendant. [Cit.]" *Williams v. State*, 164 Ga. App. 148, 149 (296 SE2d 739) (1982). Moreover, evidence is not discoverable pursuant to a *Brady* motion if it is not exculpatory. See *Carter v. State*, 252 Ga. 502, 508 (11) (315 SE2d 646) (1984). The instant letter was written by appellant himself prior to trial and it is inculpatory rather than exculpatory. It was not discoverable pursuant to a *Brady* motion.

5. Appellant enumerates as error the denial of his motion for supersedeas bond pending appeal. There was compliance with the applicable procedure set forth in *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976), and we find no abuse of the trial court's discretion in denying an appeal bond on the ground that appellant would pose a danger to his other minor children and to other children in the community. See *Morton v. State*, 166 Ga. App. 170 (303 SE2d 509) (1983).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 3, 1985 —
REHEARING DENIED APRIL 23, 1985.

*David H. Jones*, for appellant.
*Robert E. Wilson, District Attorney, Robert E. Statham III, R. Stephen Roberts, Assistant District Attorneys*, for appellee.