### 70117. TURNER v. THE STATE.
(332 SE2d 665)

BENHAM, Judge.

This appeal from appellant's conviction of burglary raises only the sufficiency of the evidence. Specifically, appellant contends that the evidence did not show the essential element of an entry and that the denial of his motion for a directed verdict of acquittal was, therefore, error. We disagree.

The evidence against appellant came mostly from the testimony of a security guard for a hotel located next to the store from which appellant was alleged to have stolen certain items. That witness testified that he observed appellant standing in front of a broken store window, holding the stolen items in his hands. The window had been intact the last time the witness had seen it less than 20 minutes before he saw appellant. According to the witness, appellant walked

past him and the witness followed. Appellant turned a corner, placed the items he was carrying on a newspaper box and began to walk away with the witness following him. Appellant then ran, but was pursued and caught by the witness. Another witness, an employee of the store from which the items were stolen, testified that the items came from a display window, that they were the property of the store, and that appellant had no authority to enter the store or the display window at the time of the incident involved here. Appellant testified that he left the hotel shortly before the time he was arrested, turned left (the store was to the right), and saw broken glass on the ground and the items from the store on the sidewalk. Appellant testified that he picked the items up, looked at them, and put them on the newspaper box. Then, appellant said, when the security guard yelled at him, he left, walking at first, then running when the security guard began to run. The reason for his flight, he explained, was that he did not realize that the guard, who was dressed in a suit, was a guard, and he was apprehensive about being followed and yelled at by a stranger who might be the owner of the items appellant claimed to have found.

Although the evidence against appellant is in large part circumstantial, and the evidence in such cases must be sufficient to exclude every reasonable hypothesis other than that of the defendant's guilt, the question whether there was a reasonable hypothesis favorable to the defendant is a question for the jury. *White v. State*, 253 Ga. 106 (1) (317 SE2d 196) (1984). Considering the inference of guilt which arises from appellant's possession of the stolen goods (*Williams v. State*, 252 Ga. 7 (2) (310 SE2d 528)), together with the evidence of flight and certain discrepancies in appellant's own testimony (e.g., he testified that when he exited the hotel, he turned to his left, away from the store, but saw broken glass from the window of the store), we find that the direct and circumstantial evidence was sufficient to authorize a rational trier of fact to reasonably conclude that appellant was guilty beyond a reasonable doubt of the offense with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, supra.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 31, 1985.

*Michael H. Lane*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, D. Chris Jensen, Assistant District Attorneys*, for appellee.