## 75093. WORTHEY v. THE STATE.
(363 SE2d 54)

SOGNIER, Judge.

Appellant was convicted of two counts of burglary, and he appeals.

1. In his first two enumerations of error, appellant contends the trial court erred by charging the jury, after its instruction on alibi, that "it is not necessary that the State prove that the offenses were committed on the exact date alleged in the special presentment." Appellant also alleges error in the court's charge that "if you find and believe beyond a reasonable doubt that at any time within four years prior to the return of this special presentment into this court," appellant entered the victims' residences with intent to commit a theft therein, the jury would be authorized to find appellant guilty of the burglaries charged. (The court granted a motion for a directed verdict of acquittal as to a third burglary, which offense had been removed earlier from the jury's consideration.) Appellant argues that after giving a correct charge on alibi, the court's charges quoted above completely eliminated his defense of alibi, thereby depriving him of a fair trial. We do not agree.

All of the State's evidence established that the offenses occurred on October 28, 1985, the date alleged in the special presentment. Appellant's testimony and the testimony of other witnesses related to appellant's whereabouts on October 28. Our appellate courts have held in similar circumstances that such a charge (or charges), although potentially confusing in light of the alibi defense, does not constitute reversible error. *Gravitt v. State*, 220 Ga. 781, 784 (2) (141 SE2d 893) (1965); *Thomas v. State*, 158 Ga. App. 97, 98 (1) (279 SE2d 335) (1981); *McCoy v. State*, 174 Ga. App. 621, 623 (2) (330 SE2d 746) (1985). Accordingly, there was no error in the court's charges.

2. Appellant alleges that the evidence is not sufficient as a matter of law to support the verdict, and therefore, it was error to deny his motion for a directed verdict of acquittal. The evidence disclosed that Mary Ann Kroll was returning home from work about 11:45 a.m., October 28, 1985. As she was approaching her house she noticed a white Cadillac backed into her carport with the trunk of the car open. Kroll drove past the driveway to another entrance and turned around. As she was coming back to her house the Cadillac pulled out of Kroll's driveway and went past her. Kroll positively identified appellant as the driver of the Cadillac. Kroll drove into her carport and discovered that the door into her house was torn off its hinges and the door frame was damaged. Kroll discovered several items missing from her home.

Charles Feaselman's house was burglarized a short time later the same day. Jeff Nalley, a deputy sheriff in Douglas County, testified that he was returning from deer hunting about 12:00 or 12:30 p.m. and a woman in a car was depositing mail in Feaselman's mailbox. As Nalley started to pass the woman's car a white Cadillac came out of Feaselman's driveway, but had to stop because of oncoming traffic; the traffic also caused Nalley to stop. After the traffic cleared, the Cadillac pulled out and around the mail delivery car and passed Nalley's vehicle; Nalley positively identified appellant as the driver of the Cadillac. When Feaselman returned home about 1:30 p.m., two deputy sheriffs were outside his home and asked Feaselman to check and see if anything was missing, as a sliding glass door on the rear of his house had been pried open. Feaselman discovered several items missing from his home. Neither Kroll nor Feaselman authorized appellant to enter their homes or remove any property therefrom. Pursuant to a "lookout" for a white Cadillac, appellant was arrested two days later driving a white Cadillac that matched the description of the car given to the police by Kroll and Nalley.

Appellant testified that he was in traffic court until 11:30 a.m. on the date of the burglaries, and on leaving court he and his wife got something to eat and then went to a garage operated by appellant's

uncle and cousin, arriving there about 12 or 12:30 p.m. Appellant stated he took his wife home and returned to the garage, where he remained the rest of the afternoon; he denied committing the burglaries. The traffic court judge testified that his records indicated appellant was in court the morning of the burglaries, but could not state how long appellant remained in court; it was possible that appellant was finished in court by 9:30 a.m. Appellant's cousin testified that appellant did not arrive at his garage until about 3:00 p.m.

Although appellant presented alibi evidence, it was conflicting and did not eliminate the possibility that he left traffic court as early as 9:30 a.m. and did not go to his cousin's garage until 3:00 p.m., leaving ample time in which to burglarize the Kroll and Feaselman residences. The weight of the evidence and credibility of witnesses are questions for determination by the jury, and this court passes on the sufficiency of the evidence, not its weight. *Williams v. State*, 184 Ga. App. 68 (1) (360 SE2d 634) (1987). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a direct verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 12, 1987.

*Donald C. Turner, John R. Greco*, for appellant.
*Frank C. Winn, District Attorney, Lois W. Gerstenberger, Assistant District Attorney*, for appellee.