A90A1797. DARDEN v. THE STATE.
(398 SE2d 843)

BEASLEY, Judge.

Defendant appeals his convictions on three counts of violating the Georgia Controlled Substances Act, OCGA § 16-13-30.

1. Defendant contends that the trial court erred when it charged the jury that as to count one defendant could be found guilty if he committed the offense within four years of the date shown on the indictment. His ground is that the State had made the dates in counts one and two (selling cocaine to undercover agents) an essential element.

The trial court charged as to count two that the jury would be authorized to find defendant guilty if the State proved beyond a reasonable doubt the offense of selling cocaine "specifically on the eleventh day of August, 1989," in the manner and method alleged in count two of the indictment and added "within any time of four years next preceding the date this bill of indictment was returned into this court." The court further charged defendant should be given the benefit of the doubt if there was any reasonable doubt as to his guilt on the 11th of August 1989.

The court then added: "Let me go back to count one and say that you must, in order to find the defendant guilty on count one, believe

that the offense alleged in count one occurred on the 23rd day of July, in Putnam County, Georgia. If you do not believe that, then you should find the defendant not guilty on count one. That is a fact alleged that you must find beyond a reasonable doubt in order for you to find the defendant guilty on count one."

Later in the charge the court further instructed: "The State, as I have mentioned to you, has alleged the dates to be specific and essential elements of the offenses charged in counts one, two and three. And, in order for you to find the defendant guilty on any one of those counts, you must find that the allegations are proven with regard to that particular date."

At the close of the charge defense counsel stated: "No exceptions, your honor. I'd reserve the ability to make any pending review of the record." When the court inquired, "do you know of anything else I need to clarify for the jury?" Defense counsel responded: "No. I think that last business about the date being part of the offense, I think you cleared it up to my satisfaction."

Defendant forfeited his right to complain of any error in the instructions in this regard. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980); *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979). Even if this were not so, the State's evidence focused specifically on the dates charged in the indictment and defendant's alibi evidence also targeted those dates. In context, the instructions were not so confusing as to constitute harmful error to defendant. *Worthey v. State*, 184 Ga. App. 836, 837 (1) (363 SE2d 54) (1987); *Applin v. State*, 166 Ga. App. 892, 893 (5) (305 SE2d 644) (1983), vacated on other grounds, *Williams v. State*, 252 Ga. 7 (310 SE2d 528) (1984); *Thomas v. State*, 158 Ga. App. 97 (1) (279 SE2d 335) (1981).

2. Defendant has pointed out testimony that he says casts doubt on the credibility of the State's witnesses. The testimony was not impeached as a matter of law, and the jury resolved the conflicts, such as there were, with its verdict. See *Worthey*, supra at 838 (2). The evidence was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes with which he was charged. *Smith v. State*, 178 Ga. App. 19 (1) (341 SE2d 901) (1986).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 14, 1990.

*Lawrence & Ford, Francis N. Ford*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney*, for appellee.