## S93A1933. JOACHIM v. THE STATE.
(440 SE2d 15)

BENHAM, Justice.

This appeal follows appellant's conviction of and sentencing for felony murder and possession of a firearm during commission of a crime.[1] The evidence adduced at trial authorized the jury to find the following as facts. On the occasion of the shooting, appellant was a passenger in a car driven by Cato and occupied by Cooks. Cato had taken McLean, at her request, to the home where the victim, Garner, by whom McLean had a child, resided with his parents and his brother, Woods. When McLean arrived and saw a car there which she correctly believed to belong to another woman, she wrote the victim a note and then called him from the nearby home of a friend. Garner left his home and met McLean outside. As they argued, Cooks and Cato got out of Cato's car and joined the dispute. When Woods came outside, he escalated the level of conflict by physically attacking Cato, who ran. Woods then turned his attention to Cooks, who was being pistol-whipped by Garner who had retrieved a gun from the trunk of his date's car. After jointly beating Cooks, Garner and Woods turned away to return to their house. Appellant, who had remained in the car throughout the struggles, then fired a pistol several times from inside the car, striking Garner once in the back, fatally.

1. In his first enumeration of error, appellant contends that the evidence was insufficient to convict him of felony murder because the State failed to disprove his justification defense beyond a reasonable doubt. Appellant testified that he shot to protect Cooks' life which he reasonably believed to be in danger because Garner had held a gun to Cooks' head, threatening to kill him, and because Garner was beginning to point the gun toward Cooks' head again. That testimony placed the defense of justification before the jury and placed on the State the burden of disproving the defense beyond a reasonable doubt. *Anderson v. State*, 262 Ga. 7 (413 SE2d 722) (1992). Contra-

---

[1] The killing occurred on April 5, 1992, and appellant surrendered to the police on April 6, 1992. An indictment in six counts (malice murder; felony murder (aggravated assault); felony murder (possession of a firearm by a first offender probationer); aggravated assault (possession of a firearm by a first offender probationer; possession of a firearm during commission of a crime) was returned in the May term of court and was filed on July 9, 1992. The trial was held on October 5-8, 1992, resulting in an acquittal of malice murder and conviction on the other five counts. The trial court sentenced appellant on October 9, 1992, to life imprisonment for felony murder (aggravated assault) and to five years probation, consecutive to the life sentence, for possession of a firearm during commission of a crime. The trial court considered the other three convictions to be merged into the felony murder conviction for which appellant was sentenced. Appellant's motion for new trial was filed on October 28, 1992, and was denied on August 2, 1993. Notice of appeal was filed on August 30, 1993; this appeal was docketed in this court on September 16, 1993; and the case was submitted for decision without oral argument on October 29, 1993.

dicting appellant's testimony regarding justification was the testimony of Woods and Cooks, both of whom testified that Garner and Woods had withdrawn from the fray and were returning to their house when appellant fired. The issue thus became one of credibility, which is for the jury to decide. *Willingham v. State*, 262 Ga. 324 (418 SE2d 25) (1992). The jury, by its verdict, indicated that it believed the evidence contrary to appellant's justification defense. Our review of the evidence persuades us that it was sufficient to disprove the justification defense beyond a reasonable doubt and to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder (aggravated assault) and possession of a firearm during commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's complaint about his conviction of the felony murder count predicated on possession of a firearm by a first offender probationer is moot in light of the trial court's merger of that count into the conviction for felony murder predicated on aggravated assault. *Kennedy v. State*, 205 Ga. App. 152 (421 SE2d 560) (1992). See also *Wade v. State*, 258 Ga. 324 (2) (368 SE2d 482) (1988).

3. In his final enumeration of error, appellant asserts that he was entitled to a new trial because of juror misconduct. After the announcement of the verdict and the dismissal of the jury, two jurors reported to the trial court that a third juror had made negative comments about a witness based on knowledge from her employment as a teacher at the school attended by the witness. The trial court informed counsel at sentencing of that development and appellant raised juror misconduct as a ground in his motion for new trial. At the motion for new trial hearing, ten jurors testified and the other two submitted affidavits. All 12 testified that the verdict was based solely on the evidence and that the comments of the one juror did not affect the verdict.

Appellant asserts that his case is like *Watkins v. State*, 237 Ga. 678 (229 SE2d 465) (1976), where two jurors went to the crime scene and gathered crucial information which they shared with the jury. This court recognized there that the rule against permitting jurors to impeach their own verdict cannot stand against a defendant's constitutional guarantees. We find this case more similar, however, to *Williams v. State*, 252 Ga. 7 (310 SE2d 528) (1984), in which a juror reported to the other jurors that he had seen a defendant shoplifting. Discussing the exception established in *Watkins*, this court held as follows:

The rule prohibiting jurors from impeaching their verdict

is rooted deeply in Georgia law. There are a number of important public policy considerations underlying the rule

which prove its sagacity. Among these considerations are: the need to keep inviolate the sanctity of juror deliberations, the desirability of promoting the finality of jury verdicts and the necessity of protecting jurors from post-trial harassment.

237 Ga., supra at pp. 683, 684. Thus, although holding that the rule could not be applied in *Watkins* without emasculating the defendant's right to a fair trial, the court acknowledged that,

> [t]he rule has a valid and salutary application in disallowing jurors to impeach their verdicts on the basis of statements made to one another in the jury room and the effect of those statements on the minds of the individual jurors.

Id. at p. 685. This is precisely the situation here. *Williams v. State,* supra at 8. Considering that comments on the character of a witness are even less damaging to a defendant than a report that the defendant has been seen committing another crime, the juror's comments involved in this case are clearly within the class identified in *Williams* as not warranting an exception to the rule against jurors impeaching their verdict. It follows, then, that the trial court did not err in denying appellant's motion for new trial on the ground of juror misconduct.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*W. Edward Nethery,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Robert E. Statham III, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.