## S95A0653. OLIVER v. THE STATE.
(461 SE2d 222)

HINES, Justice.

Marvio Oliver was convicted of malice murder for the shooting death of Akili Hodari Hart and sentenced to life in prison.[1] We affirm.

1. Oliver maintains that the purely circumstantial evidence was insufficient as a matter of law to support his conviction. Circumstantial evidence need not exclude *every* inference or hypothesis except that of the defendant's guilt; it must exclude only those hypotheses which are *reasonable. Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987). Reviewing the evidence in a light most favorable to the verdict, it excluded every reasonable hypothesis save Oliver's guilt and authorized the jury to find him guilty beyond a reasonable doubt of the murder of Hart. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court directed a verdict of acquittal on a charge of

---

[1] The victim was murdered on October 23, 1993. Oliver was indicted on March 15, 1994. A jury found him guilty of the murder on June 24, 1994, and sentence was entered on that date. On July 14, 1994, Oliver filed what was styled as a "motion for directed verdict," which was denied that day. He filed a motion for new trial on July 18, 1994, and it was denied on November 2, 1994. The notice of appeal was filed on November 9, 1994, and the appeal was docketed in this Court on January 12, 1995. The case was submitted for decision without oral argument on March 6, 1995.

possession of a firearm by a convicted felon after the State failed to introduce evidence of a prior conviction. Oliver claims that the court should have then granted a mistrial because the State proceeded on the firearms charge knowing it was without proof in order to introduce his character into evidence and prejudice the jury. Oliver never requested a mistrial and has no cause to complain because the court granted all the relief asked for at trial. *Potts v. State*, 259 Ga. 96, 101 (9) (376 SE2d 851) (1989). Moreover, the character issue was first raised in the motion for new trial which was insufficient to preserve the question for appeal. *Milan v. State*, 207 Ga. App. 206 (1) (427 SE2d 573) (1993).

3. One of the State's witnesses was murdered during an apparently unrelated drug transaction on the evening after he testified against Oliver. The local media reported the crime and members of the unsequestered jury learned of it. Oliver contends that the news reports coupled with the State's attempts to show that he had threatened to kill several of the State's witnesses if they testified against him denied him trial by an impartial jury. Oliver knew of the witness's murder during the trial but voiced no concern about possible impact on his case. He did not seek to voir dire the jury or otherwise establish whether any of the jurors were aware of the crime. He first raised the issue in his motion for new trial.

Oliver should have acted on the matter at trial. But the challenge that the jury was compromised by its exposure to the media coverage fails on the merits as well. At the hearing on the motion for new trial, Oliver introduced as evidence two newspaper articles and transcripts of two telecasts reporting the witness's murder. All but one of the reports made no mention of Oliver and none implicated him in the killing. They reported that three men were taken into custody for the crime. The one story that named Oliver did so only to say that the slain witness had testified at the trial but stated that according to the police chief the killing was unrelated.

The jury foreman testified that he found out about the murder from another juror who had heard a news story. The foreman was certain that more jurors were aware of it because he overheard other jurors asking each other about it. But the foreman maintained that there had been "very little discussion."

Accepting that this exchange of information among the jurors can be characterized as juror misconduct or an irregularity, it does not provide a basis for a new trial. Jurors are not permitted to impeach their own verdict. OCGA § 17-9-41. The rule is deeply rooted in Georgia law and promotes important public policy considerations. But the rule does yield to a defendant's constitutional guarantees. *Watkins v. State*, 237 Ga. 678, 683-685 (229 SE2d 465) (1976). Whether or not exception should be made must be determined by the circumstances

of the case. The limited exchange in this case does not warrant exception to the rule. See *Joachim v. State*, 263 Ga. 816, 817 (3) (440 SE2d 15) (1994); *Williams v. State*, 252 Ga. 7, 8 (1) (310 SE2d 528) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995.

*Steven S. Harrell,* for appellant.

*Timothy G. Vaughn, District Attorney, H. Frederick Mullis, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.