## 58390. WESTMORELAND v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for two counts of theft by receiving stolen property and judgment of two consecutive sentences. *Held:*

1. Defendant's first enumerated error is the general ground of insufficiency of evidence. The evidence showed that on the evening of January 22, 1979 a Gwinnett County police officer observed a truck towing a front-end loader on a trailer. Since the loader was bouncing around so that the blade was protruding over the edge of the trailer, the officer decided to stop the truck to tell the driver the loader might fall off. Following the truck, the officer flashed his blue light, operated the siren, and shined his spotlight in the truck's rear view mirror, but the driver did not stop. The officer then drove his car along the left side of the truck and shined his spotlight into the truck cab on the driver's face. The driver, whom he subsequently identified as the defendant, looked directly

at him but still did not stop. Dropping behind the truck to radio for assistance, he observed it run off the road to the right, slide down an embankment and stop. When the officer got to the truck the driver had disappeared. The defendant was found by another officer a short time later walking along a nearby road and returned to the scene. A short distance in front of the truck was found a fresh pack of cigarettes of the same brand defendant used. Another officer testified that at the police station the defendant said he had another pack of cigarettes, but when he reached for them they were not there. The truck and trailer and the loader were the property of two different individuals and had been stolen from nearby locations earlier in the same day. In his testimony defendant denied driving or knowing anything about the truck and it's equipment, denied losing his cigarettes near the truck, and said he had been hitchhiking in the area.

Where the evidence is in conflict, the jury's verdict will be upheld if properly supported by the evidence. *Lawson v. State,* 234 Ga. 136, 138 (214 SE2d 559). We find there is sufficient evidence in the record that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

2. In his other enumeration of error defendant complains of receiving two consecutive sentences for a single course of conduct. This claim has merit. Defendant was tried on an indictment of two counts of receiving property stolen from two separate owners on the same day. The evidence does not show that defendant was a party to the larcenies or that he received the property on different occasions. It only shows that defendant was in possession of the property at one time. " 'And so with respect to receiving or concealing stolen property. Many articles stolen at different times from several persons may be received and concealed by the same act, and then there is but one offense.' Smith v. State, 59 Ohio St. 350 (52 NE 826, 827) . . . Under the facts of this case, there was but one offense of theft by receiving stolen property made out by the evidence. Therefore, the trial court erred in imposing consecutive sentences. . ." *Hardin v. State,* 141 Ga. App. 115, 118 (232 SE2d 631).

3. The conviction is affirmed. The judgment imposing sentence is reversed. The case is remanded to the trial court for resentencing in accordance with this opinion.

*Judgment affirmed in part; reversed in part. Smith and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED OCTOBER 19, 1979.

*Hal W. Vaughn, Jr.,* for appellant.

*Bryant Huff, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.