## 64686. BANKSTON v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of two counts of burglary and five counts of theft by receiving. On appeal, he raises the general grounds, the joinder of separate offenses, and the consecutive nature of part of his sentence.

1. The evidence supporting one of the burglary counts in this case was that appellant was in possession of property shown to have been stolen in a burglary. Appellant claimed that he bought the property from someone else on a date prior to that alleged to be the date of the burglary. "The state based its case on a rule long established in this state: where a burglary is proven, recent unexplained possession of the stolen goods by the defendant creates an inference sufficient to convict even without direct proof or circumstantial evidence that the defendant committed the burglary.

[Cits.] To convict a defendant of burglary based upon recent possession of stolen goods, it must be shown that the goods were stolen in a burglary and there must be an absence of or an unsatisfactory explanation of that possession. [Cit.] Whether the defendant's explanation of the possession was a satisfactory explanation is a question for the jury. [Cits.] In view of the verdict in this case, it is clear that the jury determined that appellant's explanation was not adequate. The evidence supported the verdict. [Cit.]" *Bankston v. State,* 159 Ga. App. 342, 343 (283 SE2d 319).

The evidence adduced in support of the other burglary charge was that the burglary took place at the same location as the burglary involved in the first count, that the two crimes were close to each other in time and were committed by the same method, that appellant was present on the occasion of the offense described in the second burglary count, and that appellant gave the investigating officer misleading information concerning the path allegedly taken by the person appellant said he saw fleeing from the site of the burglary. That evidence, coupled with testimony that appellant behaved nervously and that appellant made a gratuitous loan of replacement equipment (later shown to be stolen) to the victim, was sufficient to exclude every reasonable hypothesis other than that of the guilt of the accused. It was, therefore, sufficient to support appellant's conviction. *Alford v. State,* 147 Ga. App. 878 (250 SE2d 584).

Appellant's convictions for theft by receiving were also based on his recent possession of stolen goods. "In a theft by receiving case, guilty knowledge is not shown by mere possession of the goods. [Cits.] However, possession coupled with other circumstances and evidence may be used to infer the knowledge required by statute. [Cits.]" *Beadles v. State,* 151 Ga. App. 710 (261 SE2d 447). The other circumstances relied on by the state in this case were the fact that appellant had started a business selling goods of the type involved and had amassed an inventory of great value in a short time; the fact that appellant came into possession of the goods very soon after they were stolen, or by appellant's account, shortly before some of the goods were stolen; and the inherent incredibility of the explanation offered by appellant. Under all the circumstances of this case, the jury was fully warranted in finding appellant guilty of theft by receiving all the property involved in the five counts of which he was convicted. The evidence was sufficient to convince any rational trier of fact of the existence of the essential elements of all the crimes with which appellant was convicted in this case. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State,* 153 Ga. App. 35 (264 SE2d 528).

2. Since appellant made no objection to joinder of the theft by receiving indictment and the burglary indictment, appellant's enumeration of error based on that issue is controlled adversely to him by *Snell v. State,* 158 Ga. App. 860 (1) (282 SE2d 408).

3. Relying on *Westmoreland v. State,* 151 Ga. App. 850 (261 SE2d 761), appellant contends that the trial court erred in imposing consecutive sentences for the same crimes. The record does not support appellant's complaint. The trial judge sentenced appellant to concurrent terms for the two burglary convictions. The sentence for the first count of the theft by receiving indictment was made consecutive to the burglary sentences. Since those are separate crimes, there is no prohibition under *Westmoreland* against making the second sentence consecutive. The other theft sentences are concurrent with either the burglary sentences or other theft sentences and do not violate *Westmoreland's* prohibition. No error appears in the sentencing.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 25, 1983.

*Kenneth Lamar Gordon,* for appellant.
*John T. Strauss, District Attorney,* for appellee.