65997. CRAYTON v. THE STATE.

</div>

BIRDSONG, Judge.

Abandonment. Bruce D. Crayton, after being advised of his rights to trial by jury, proceeded to trial pro se before the trial court in the absence of a jury. He was found guilty and sentenced to twelve months, suspended upon payment of $25 per week for the support of his illegitimate child. Crayton brings this appeal complaining that the trial court misapplied the facts, erred in denying his motion for new trial and in not calling for a blood test. *Held:*

This was a misdemeanor trial and no record was prepared. Attached is a reconstructed record showing Crayton's examination of

the mother of the child. This reconstructed transcript was approved neither by the trial court nor the solicitor. The mother's testimony showed that Crayton "dated" her from the time she was in the ninth grade and he was a senior. She testified Crayton had engaged in intercourse with her on a date certain and that they had dated off and on since 1976. She denied having "dated" anyone else during the entire five-year period. The mother unequivocally stated that Crayton was the father of her child and that she and Crayton had engaged in the requisite sexual intercourse. There is no evidence of record that Crayton denied such sexual activity or that he was not the father of the child. His only comment was that he did not know why the mother would say he was the father of her child. After Crayton stated he had nothing further to present, the court entered a finding of guilty. Crayton apparently for the first time then questioned how paternity could be established without benefit of a blood test. The trial court showed as a matter of record that Crayton had never asked for such a test.

On the basis of the evidence presented, which was unrebutted, the trial court was warranted in finding paternal responsibility in Crayton. OCGA § 19-10-1 (f) (Code Ann. § 74-9902) provides that in abandonment cases involving questioned paternity, the accused father may request a paternity blood test and agree and arrange to pay for the same. This is in the nature of a pre-trial motion. The record in this case affirmatively establishes the appellant did not mention such a test until after he had been convicted of abandonment. This came too late.

As to the complaint that appellant was wrongfully denied a new trial, this court is faced with a record with no transcript of evidence other than the unofficial transcript not approved by the trial court and solicitor. We have already observed and held that this record (prepared by the court reporter) was sufficient to sustain the paternity question. As to the question of abandonment, this appeal is controlled by the rule that an appeal with enumerations of error dependent upon consideration of evidence heard by the trial court, in the absence of a transcript of such evidence, will be affirmed. *Walker v. State,* 163 Ga. App. 684 (294 SE2d 717); *Frasier v. State,* 160 Ga. App. 812 (287 SE2d 669).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 5, 1983.

Bruce D. Crayton, *pro se.*
*James L. Webb, Solicitor, Deborah S. Green, Assistant Solicitor,*

for appellee.