## 39680. BANKSTON v. THE STATE.

MARSHALL, Presiding Justice.

We granted certiorari in this case because the standard used by the Court of Appeals in affirming one of the appellant Bankston's two burglary convictions does not comport with Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The appellant was convicted of multiple counts of burglary and theft by receiving. In affirming the theft-by-receiving convictions, the Court of Appeals held that, "The evidence was sufficient to convince any rational trier of fact of the existence of the essential elements of all the crimes with which the appellant was convicted in this case. Jackson v. Virginia [supra]; *Baldwin v. State,* 153 Ga. App. 35 (264 SE2d 528)." *Bankston v. State,* 165 Ga. App. 184, 185 (299 SE2d 85) (1983).

However, in affirming one of the appellant's burglary convictions, the Court of Appeals relied on "a rule long established in this state: where a burglary is proven, recent unexplained possession of the stolen goods by the defendant creates an inference sufficient to convict even without direct proof or circumstantial evidence that the defendant committed the burglary." *Bankston,* 165 Ga. App., supra, at p. 184. In relying on this rule to adjudge the sufficiency of the evidence to support the conviction, rather than the sufficiency of the evidence to create the inference, the Court of Appeals erred.

Although there is still validity to the long-established rule that proof of recent, unexplained possession of stolen goods by the defendant is sufficient to create an inference that the defendant is guilty of the burglary of the goods, proof of recent, unexplained possession is not automatically sufficient to support a conviction for burglary. In *Williamson v. State,* 248 Ga. 47 (281 SE2d 512) (1981), we recognized the following: The Ulster County, New York v. Allen, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979) more-likely-than-not test is the appropriate one to employ in determining the Due-Process validity of allowing the factfinder to presume or infer an "ultimate"

or "essential element" fact from an "evidentiary" or "basic" fact; under this test, it is rational to allow the factfinder to infer that the defendant is guilty of burglary based on proof of his recent, unexplained possession of stolen goods; however, if the only evidence supporting the conviction is the evidence giving rise to the inference or presumption, then under Jackson v. Virginia, such evidence must establish the offense beyond a reasonable doubt in order to be sufficient to support the conviction. 248 Ga., supra at p. 56.

This was also recognized by the Eleventh Circuit Court of Appeals in Cosby v. Jones, 682 F2d 1373 (11th Cir. 1982), wherein it was held, "recent possession of stolen goods will not automatically support a guilty verdict for theft or burglary under the Jackson v. Virginia standard in every case. Instead, recent possession is to be viewed as probative evidence of the crime, see 1 Wigmore on Evidence § 152 (3d ed. 1940), and reviewed along with the other evidence in the case to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt." 682 F2d, supra at p. 1380.

Accordingly, the judgment of the Court of Appeals is reversed insofar as it affirms the appellant's conviction for burglary of the Vandergriff plane, and the case is remanded for consideration of the question of whether the evidence is sufficient to support that conviction under the Jackson v. Virginia reasonable-doubt standard.

*Judgment reversed in part and case remanded. All the Justices concur.*

DECIDED DECEMBER 5, 1983.

*Kenneth L. Gordon,* for appellant.
*John T. Strauss, District Attorney,* for appellee.