## 67085. CHANEY v. THE STATE.

POPE, Judge.

After a jury trial, appellant was convicted of the offense of theft by taking an automobile. Subsequent to the denial of his motion for new trial, appellant timely filed a notice of appeal in this court.

1. Appellant asserts as error the general grounds. Viewed in the light most supportive of the jury verdict, the state adduced the following evidence: On January 2, 1982 a baby blue 1963 Chevrolet Impala owned by Henry Sistrunk was stolen from the residence of Cynthia Grant between 9:30 p.m. and 9:55 p.m. Mr. Sistrunk was then notified and he reported the theft to the police. After being alerted to the theft, Corporal Richardson later observed the vehicle being driven by appellant at approximately 2:30 a.m. that same night. Richardson followed the vehicle a short while until his requested police assistance arrived. The vehicle was then stopped and appellant was found to be the driver and sole occupant. When questioned at the scene, appellant stated that a man named Larry had given him the car to drive to the east side of the city to pick up a girl. Richardson testified that appellant stated that he did not know Larry's last name, the name of the girl, or the location at which appellant was supposed to pick up the girl.

In the recent case, *Bankston v. State,* 251 Ga. 730 (309 SE2d 369) (1983), our Supreme Court explained: "Although there is still validity to the long-established rule that proof of recent, unexplained possession of stolen goods by the defendant is sufficient to create an inference that the defendant is guilty of the burglary of the goods, proof of recent, unexplained possession is not automatically sufficient to support a conviction for burglary. In *Williamson v. State,* 248 Ga. 47 (281 SE2d 512) (1981), we recognized the following: The Ulster County, New York v. Allen, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979) more-likely-than-not test is the appropriate one to

employ in determining the Due-Process validity of allowing the factfinder to presume or infer an 'ultimate' or 'essential element' fact from an 'evidentiary' or 'basic' fact; under this test, it is rational to allow the factfinder to infer that the defendant is guilty of burglary based on proof of his recent, unexplained possession of stolen goods; however, if the only evidence supporting the conviction is the evidence giving rise to the inference or presumption, then under Jackson v. Virginia [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)], such evidence must establish the offense beyond a reasonable doubt in order to be sufficient to support the conviction." Accord, *Williams v. State,* 252 Ga. 7 (2) (310 SE2d 528) (1984).

In order to understand and apply the foregoing rule in *Bankston,* it is necessary to review a case cited therein, *Williamson v. State,* 248 Ga. 47 (281 SE2d 512) (1981). After an exhaustive study and explanation of the constitutional import of and differences between inferences and presumptions, both mandatory and permissive, the court in *Williamson* concluded by examining the charge to the jury on recent, unexplained possession of stolen goods. Therefore, we turn to the charge of the trial court in the case at bar. We find it to be in compliance with the instruction at issue in *Williamson*[1] which was held to create a permissive inference and, thus, was not violative of the defendant-appellant's constitutional right to Due Process. See *Williamson v. State,* supra at 57. Additionally, the trial court in this case as in *Williamson* fully charged the jury on the presumption of innocence and the state's burden of proving every element of the crime beyond a reasonable doubt. Viewing the evidence at trial under the rule in *Bankston* and examining the instructions to the jury, we conclude that any rational trier of fact could have found appellant guilty of theft by taking an automobile beyond a reasonable doubt. Jackson v. Virginia, supra. This is true notwithstanding appellant's presentation of evidence in support of his defense of alibi as the jury was instructed on the law of alibi and "[i]t is the function of the trier of fact, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence." *Williams v. State,* 157 Ga. App. 326 (277 SE2d 319) (1981).

2. Appellant additionally enumerates as error the trial court's denial of his motion for mistrial during the testimony of Corporal

---

[1] The Supreme Court's approved charge on "recent, unexplained possession" in burglary cases where the presumption is the *sole evidence* that the defendant was the perpetrator of the crime is presented in *Williamson,* supra at 57 n. 9. We find it to be equally applicable to such similar cases as theft by taking.

Richardson. The testimony objected to by appellant occurred during re-direct examination by the state: "Q. Do you know where Nathaniel Chaney lives? A. Yes, Sir."

Counsel for appellant then objected and moved for a mistrial on the grounds that the state had impermissibly placed appellant's character in issue by insinuating that the police officer knew him and where he lived. We note that the motion was made and overruled outside the presence of the jury. The state then resumed re-direct examination of Corporal Richardson and established that when Richardson first observed appellant driving the 1963 Impala, the distance from the vehicle to appellant's home was approximately the length of the courtroom in which the case was being tried.

We find that the officer's testimony that he knew where appellant resided did not inject appellant's character into evidence. See *Bell v. State,* 162 Ga. App. 527 (1) (292 SE2d 114) (1982); *Grant v. State,* 161 Ga. App. 403 (2) (288 SE2d 118) (1982); *Woodard v. State,* 155 Ga. App. 533 (1) (271 SE2d 671) (1980). This is especially true when his response is viewed in conjunction with the follow-up testimony offered after the motion for mistrial was overruled. "The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. [Cits.]" *Stanley v. State,* 250 Ga. 3, 4 (295 SE2d 315) (1982). We find no error in the trial court's refusal to grant appellant's motion for mistrial.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*John W. Andre, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.