### 68193. H. R. G. v. STATE OF GEORGIA.

POPE, Judge.

Appellant-juvenile appeals from the juvenile court's adjudication of delinquency based upon the commission of burglary and criminal damage to property in the second degree. He was placed on probation and ordered to pay restitution in the amount of one-third of the total property damage.

1. Appellant raises the general grounds. The following facts were adduced at the adjudicatory hearing: On or about July 24, 1983 a concession stand located in a complex of buildings owned by the City of Riverdale in Clayton County was entered by prying a large wooden shutter from a window. Candy in the amount of approximately two bushel baskets was taken from the concession stand. Another building in the same recreational complex was entered through a downstairs equipment room window. Such entry was accomplished by some type of wrecking tool used, after removal of the burglar alarm, to completely destroy the window, window frame, and sashes. Damage was also done to another window in that building. The total amount of damages to the buildings was $275.00. Boxes of candy marked "Fund Raising" stored in the equipment room were taken. The value of the candy taken amounted to approximately $1,200.00.

At approximately 2:00 a.m. on July 24, 1983 an officer of the

Riverdale Police Department stopped a blue hatchback automobile because it was being driven with the headlights turned off. Upon stopping the vehicle, the officer found three occupants: the 17-year-old driver, appellant, and one other juvenile. Additionally, he noticed that a portion of the back seat and the entire section behind it, visible to him through the hatchback rear window, were filled with boxes of candy, including boxes of fund raising candy. The candy was within reach of appellant's hand. When questioned about the presence of the candy within the car, appellant responded that he was selling the candy for the Riverdale Recreation Department, for a "guy named Mike," but could not give any additional information.

Upon the officer's request, the three occupants of the hatchback followed him to the police department. Unsuccessful attempts to locate the parents of the boys were made. The Director of the Clayton County Parks and Recreation Department was called and the candy was turned over to him. None of the three objected to the return of the candy. Appellant and one other voluntarily offered to the Director and the police that they would work to pay for the candy and any other damages caused. The three were then released. Appellant offered no evidence at the hearing.

Applying the rule in *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983), regarding the evidentiary value of recent, unexplained possession of stolen goods, we find the evidence as a whole sufficient to support the juvenile court's adjudication based upon the finding of appellant's commission of delinquent acts of burglary and criminal damage to property in the second degree beyond a reasonable doubt. See *Chaney v. State*, 169 Ga. App. 616 (1) (314 SE2d 457) (1984). See generally *K. M. S. v. State of Ga.*, 129 Ga. App. 683 (200 SE2d 916) (1973).

2. Appellant also assigns error to the denial of his motion for directed verdict of acquittal. " 'A defendant is entitled to a directed verdict [of acquittal] only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, demands a verdict of not guilty.' *Causey v. State*, 154 Ga. App. 76, 77 (267 SE2d 475) (1980)." *Benjein v. State*, 158 Ga. App. 794, 795 (282 SE2d 391) (1981). See OCGA § 17-9-1 (a). In light of Division 1 of this opinion, we find no error in the juvenile court's refusal to grant appellant's motion for directed verdict of acquittal.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 1, 1984.

*Alfred L. King, Jr.*, for appellant.
*Margot S. Roberts, Solicitor*, for appellee.