## 73693. BARNES v. THE STATE.
(353 SE2d 76)

DEEN, Presiding Judge.

Reginald Barnes was convicted of non-support of a minor child. The case was tried before the court without a jury and appellant chose to represent himself. At no time did he claim indigency. He was convicted and received a twelve-month suspended sentence on the condition that he pay $80 per month child support, a fine of $100 and a surcharge of $10.

1. Barnes first contends that the trial court erred in not granting his request for a blood test. The evidence at trial showed that he denied he was the father of the prosecutrix' child which was born out of wedlock. The record does not indicate that he filed a pretrial motion for a blood test pursuant to OCGA § 19-10-1 (f). He admits that such a motion was not filed with the court, but argues that prior to trial he called the District Attorney's office and expressed a desire to have such a test and decided he could not afford it. He argues here that the act of calling the District Attorney's office was the equivalent to a pretrial motion and should have been acted upon by the state. There is no merit whatsoever in this argument. A pretrial motion, as well as all motions which are not made at trial, must be addressed to and filed with the court and served upon each party. See OCGA § 17-1-1.

OCGA § 19-10-1 does not provide for an exception to this rule. Subsection (f) requires that such a request be made by pretrial motion. *Tutt v. State*, 168 Ga. App. 599 (310 SE2d 14) (1983); *Crayton v. State*, 166 Ga. App. 544 (305 SE2d 19) (1983).

2. There was sufficient evidence of paternity without the results of a blood test to support the verdict. The state's witness testified that she was the mother of a child born June 11, 1983, that the accused was the only man with whom she had sexual relations for a year prior to the birth of the child, and that the child was conceived in the fall of 1982. She further testified that he had not contributed any support for the child other than $10 he gave her one time and that the child was dependent and in need of support.

The fact that there was no blood test is not a sufficient reason for overturning the court's finding of guilt. See *Crayton v. State*, supra and *Tutt v. State,* supra. The prosecutrix may testify that the accused is the father of her child and such testimony is admissible, not as an opinion, but as a fact within her knowledge. *Samples v. State*, 119 Ga. App. 154 (166 SE2d 389) (1969). See also *Mitchell v. State*, 176 Ga. App. 32, 33 (335 SE2d 150) (1985). The credibility of the witnesses is a matter to be determined by the trier of fact. *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980). The trial court obviously chose to disbelieve Barnes' story that he did not meet the prosecutrix until she was eight months pregnant and did not know she was pregnant. The state proved the two elements of abandonment: desertion and dependency. Viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could find the accused guilty beyond a reasonable doubt. *Lee v. State*, 247 Ga. 411, 412 (276 SE2d 590) (1981).

3. There is no merit to appellant's contention that he bore "the burden of proof to obtain a blood test." The record shows that after the verdict was announced, the District Attorney asked the court to consider suspending sentencing to afford Barnes the opportunity to take a blood test through the child support section of his office. The court reiterated its finding of guilt, but agreed to the District Attorney's request. Barnes did not arrange to take the test. Appellant seems to be arguing that the burden was on the state to inquire whether he wanted a blood test and to set one up if he so desired. While a person cannot be forced to pay for the costs of a blood test if he is indigent, *Pierce v. State*, 251 Ga. 590 (308 SE2d 367) (1983); *Burns v. State*, 252 Ga. 140 (312 SE2d 317) (1984), appellant did not make either the request for such a test under OCGA § 19-10-1 (f) or claim that he was indigent. The trial court could not order him to take and pay for a blood test to determine paternity without a hearing on the merits of the case. *Pierce v. State*, supra. As appellant did not file the requisite pretrial motion, there could be no hearing order-

ing the test at the state's expense. The action by the District Attorney was simply to permit Barnes to have a test at the lowest possible cost to himself, and any results favorable to him could be considered at the sentencing hearing as a factor in mitigation of punishment. There is no merit to appellant's contention that the court's verdict was based in part on his failure to take a blood test, because he was found guilty before a blood test was even mentioned.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 21, 1987.

*M. V. Booker*, for appellant.

*Dennis C. Sanders, District Attorney, Harold W. Wallace III, Margaret E. McCann, Assistant District Attorneys*, for appellee.