### 72986. INMAN v. THE STATE.
(355 SE2d 119)

BEASLEY, Judge.

Appellant claims he was deprived of federal constitutional due process because his conviction of burglary (OCGA § 16-7-1) was based on the testimony of an accomplice corroborated only by an inference which was not rationally connected. The question therefore is whether the inculpatory testimony of an accomplice was lawfully corroborated. *Shumake v. State,* 159 Ga. App. 141 (1) (282 SE2d 756) (1981).

Acknowledging that corroboration of the testimony by a single accomplice is necessary, OCGA § 24-4-8, our courts have held that the corroborating evidence itself need not be sufficient to warrant conviction, but only tend to connect and identify defendant with crime. *Whitfield v. State,* 159 Ga. App. 398 (283 SE2d 627) (1981). "Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." *Reaves v. State,* 242 Ga. 542, 543 (250 SE2d 376) (1978); *Castell v. State,* 250 Ga. 776, 780 (1) (301 SE2d 234) (1983). See also *Gunter v. State,* 243 Ga. 651 (2) (256 SE2d 341) (1979).

It was established that defendant was in recent possession of an item taken during the burglary of the store. According to appellant's girl friend, the mother of his child, he and another accomplice visited her and each gave her one of the stolen leather coats. This occurred within a few hours of the burglary. Appellant argues that recent possession is not viable evidence which can act as corroboration, citing *Bankston v. State,* 251 Ga. 730 (309 SE2d 369) (1983). We do not read *Bankston* to reach such result. Although our Supreme Court held that "recent, unexplained possession is not automatically sufficient to support a conviction for burglary, . . . recent possession is to be viewed as probative evidence of the crime, . . . and reviewed along with the other evidence in the case to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt." *Bankston,* supra at 731. See *Chaney v. State,* 169 Ga. App. 616 (1) (314 SE2d 457) (1984).

*Bankston* leaves unchanged the rule that "[r]ecent possession of stolen property, not satisfactorily explained, is sufficient basis for the corroboration of an accomplice's testimony." *Green v. State,* 139 Ga. App. 652, 653 (1) (229 SE2d 129) (1976); *Cole v. State,* 156 Ga. App.

288, 290 (1) (274 SE2d 685) (1980); *Brady v. State*, 169 Ga. App. 316, 317 (1) (312 SE2d 632) (1983). Whether "a defendant's explanation of his possession of stolen property was satisfactory or reasonable" is a jury question. *Brown v. State*, 157 Ga. App. 473, 474 (1) (278 SE2d 31) (1981). The jury was not required to accept appellant's explanation of the recent possession and discard the inference of guilt which the facts concerning the recent possession served.

Recognizing that the credibility of witnesses was for the jury and that on appeal we construe the evidence in favor of the verdict, the evidence was sufficient for the jury to find defendant guilty beyond a reasonable doubt. *Collins v. State*, 176 Ga. App. 634, 637 (1) (337 SE2d 415) (1985). In citing *Collins*, we are aware, as should also be the bench and bar, that the statement in *Collins* at page 636 regarding "no further proof" must be modified in view of *Bankston*. Even if defendant did not enter the building, he was criminally responsible for the burglary as an aider and abetter. OCGA §§ 16-2-20 and 21.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier, Pope, and Benham, JJ., concur.*

DECIDED MARCH 18, 1987.

Susan C. Janowski, James A. Yancey, Jr., for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.