74308. RANN v. THE STATE.
(358 SE2d 644)

BIRDSONG, Chief Judge.

Arthur Keith Rann was convicted of three offenses of burglary and one of possession of tools used for the commission of crime. He was sentenced to 65 years as a recidivist but with the last 15 years on probation. He brings this appeal enumerating four asserted errors, one dealing with the sufficiency of the evidence and three with the charge of the court. *Held*:

1. The evidence in this case, though connecting Rann to the several crimes primarily by circumstantial evidence, clearly established the commission of the three burglaries with personal property taken from the premises in each burglary. Thereafter within a short time, Rann was discovered in possession of some of the stolen personal property. Rann pawned numerous of the stolen items and was identified as the person who pawned the property. He was identified as a person present at the scene of one of the burglaries at the time it took place. He was found storing what apparently was some of the stolen property in a car he had stolen at an earlier burglary. He admitted to a police officer, after appropriate warnings of his right to silence, that he was pawning some of the stolen property to support a drug habit.

It also was shown that Rann was present in the treatment area of a local hospital (perhaps for detoxification) but was creating a disturbance. A policeman called to the scene saw Rann and a nurse in the hallway of the hospital. At his apprehension, the nurse called attention to a small bag which was identified as belonging to Rann. Rann did not deny ownership. The officer took possession of the bag and searched it for additional drugs. However, the bag contained burglary tools. After the commission of the last burglary charged and after Rann had been arrested, a search of the car then in his possession revealed another supply of burglary tools very similar to the one confiscated at the hospital. In short the evidence painted the profile of a professional burglar caught with the tools and fruits of his illicit labors. Rann was not physically placed within any of the burgled premises nor did he ever admit his guilt.

Whether in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for the jury. If a jury is authorized to find the evidence, though circumstantial, sufficient to exclude every reasonable hypothesis save that of guilt, the verdict will not be disturbed by an appellate court unless the verdict is unsupportable as a matter of law. *Henderson v. State*, 170 Ga. App. 170 (316 SE2d 814). Construing the evidence in the light most favorable to upholding the jury's verdict, we are convinced that any rational trier of fact would have found Rann guilty of the four crimes charged beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In his next two enumerations of error, Rann complains the trial court erroneously placed the burden of proof upon him by charging that he was required to explain his possession of recently stolen property in a manner consistent with innocence. The complaint raised by Rann is not an accurate reflection of the charge actually given. The court, having given the law of inferences arising from recently stolen property, also told the jury that they could not draw that inference if there "should be from *the evidence* a reasonable explanation of his possession of such property consistent with his plea of innocence" (emphasis supplied) that being a question solely for the jury to determine. Thus the charge did not place any burden upon Rann to show his innocence but told the jury it must look to the evidence. Such a charge is a correct statement of the law. See *Williamson v. State*, 248 Ga. 47, 57-58 (281 SE2d 512); *Chaney v. State*, 169 Ga. App. 616 (1) (314 SE2d 457).

3. In his last enumeration of error, Rann complains that a charge on flight was not warranted by the evidence and thus amounted to an improper comment by the trial court on the evidence. We find no merit in this enumeration. There was evidence that a person driving a car rented by Rann (being improperly withheld from the lessor), and

driven by a man resembling Rann, was chased by the lessor. By the time police could arrive, the car was parked and the driver had left, leaving Rann's identification and much stolen property and burglary tools in the car. Such evidence authorized a charge on leaving by way of flight. More importantly, however, as to the enumerations in the last two divisions of this opinion, when asked by the trial court if Rann had any objection to any charge of the court, Rann's counsel expressed complete satisfaction with the charge. Moreover when the evidence of flight was introduced, no objection was raised to that evidence.

The general rule is that a defendant in a criminal case is not required to except to a jury charge to preserve error for appeal. If however the trial court expressly asks if there is objection, this requires counsel to make objection or reserve his right to do so. The failure either to object or to reserve the right to object later raises a procedural default which bars subsequent appellate review of the charge. *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1). This is seemingly a restatement of the rule that a party cannot during the trial ignore what he thinks to be an injustice, take his chances on a favorable verdict and complain later. *Joyner v. State*, 208 Ga. 435, 438 (67 SE2d 221); *Gibbons v. State*, 136 Ga. App. 609, 610 (222 SE2d 55). These enumerations are without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 5, 1987.

*Kenneth D. Feldman*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.