## 76009. BOOSE v. THE STATE.
(365 SE2d 534)

DEEN, Presiding Judge.

Dennis Keith Boose was convicted of driving under the influence and appeals, enumerating only the general grounds.

The evidence showed that appellant was riding on a motorcycle after admittedly having too much to drink. The sole question for the trier of fact was whether appellant was driving the motorcycle. A passerby noticed the motorcycle lying partially on the street and partially on its side. Appellant was noticed lying on the ground nearby. The passerby reported it to the police as an accident. When an officer who was in the immediate area heard the report on his radio and looked up, he saw appellant struggling to pick up the motorcycle. Neither the woman who reported the incident nor the officer noticed anyone else at the scene. Appellant, his wife, and her sister-in-law, however, claimed that the motorcycle was being operated by a person known to them only as "Tex," and that appellant was a passenger.

Circumstantial evidence may be used in establishing guilt when the accused is charged with driving under the influence. *Glisson v. State*, 134 Ga. App. 380 (214 SE2d 386) (1975); *Stephens v. State*, 127 Ga. App. 416 (193 SE2d 870) (1972). The credibility of the witnesses is solely a question for the trier of fact. *Barnes v. State*, 181 Ga. App. 581 (353 SE2d 76) (1987). We find from the evidence that a rational trier of fact could find the appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 2, 1988.

*John J. Pilcher II*, for appellant.
*James C. Abbot, Solicitor*, for appellee.