## 75925. HOWARD v. THE STATE.
### (366 SE2d 369)

DEEN, Presiding Judge.

Robert Howard appeals from his convictions of burglary, possession of a firearm by a convicted felon, carrying a concealed weapon and carrying a pistol without a license. He asserts only the general grounds.

The evidence showed that a witness observed appellant walking along the MARTA tracks carrying a large red bag. Another witness saw him board a MARTA train. When the police and a MARTA supervisor entered the train, appellant exited the train and ran. He was apprehended and searched. A pistol and various other items including some jewelry were discovered in the bag. A screwdriver was found on his person. A witness whose home had recently been burglarized identified the items in the bag as belonging to her and they were returned to her by the police.

Appellant claims that he was walking down the street when a man with a red bag who was being chased by a woman ran past him and towards some bushes. The woman turned around when the man disappeared into the bushes. When the man came out of the bushes, he did not have the bag so appellant claims that he climbed over a MARTA fence, retrieved it, and walked down the MARTA tracks and boarded a train when it stopped. He ran away when he saw police officers pointing at him.

*Bankston v. State*, 165 Ga. App. 184 (299 SE2d 85) (1983), was a two-judge case (Judge Carley concurring in the judgment only). While this case originally had no precedential value, the Supreme Court, in *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983), reversed only one burglary charge. In the other burglary charge, the conviction was affirmed, thus providing precedential value as to all convictions in our *Bankston* case other than the one burglary charge reversed, notwithstanding the one concurrence in the judgment only. In the burglary charge that was affirmed, there was evidence in addition to recent unexplained possession of stolen goods. There, appellant was fleeing

from the site, he behaved nervously, and made a replacement loan on equipment. The court there held that this, in its totality, was sufficient to support the conviction.

In the instant case, in addition to the recent unexplained possession of the stolen goods, appellant acted scared and ran. Further, he was operating under the aliases of "Derrick Carmichael," sometimes "Ken Quinn Davis," at other times "Michael Snell," and possibly "Tommy Coleton." The burglar tool of a screwdriver on his person and the gloves that were found in the bag that he carried, which, as in *Rann v. State*, 183 Ga. App. 234, 235 (358 SE2d 644) (1987), "painted the profile of a professional burglar caught with the tools and fruits of his illicit labors." Appellant testified with regard to his acting nervous and running as follows: "As the train approached the MARTA Station, when it was approaching the MARTA Station and stopped, the doors swing open. Two polices or three, maybe four, it was a group of them, they got on the train and pointed at me. They scared me because I didn't, you know, I didn't been too long got out of prison. I know that I haven't did nothing wrong and I don't want to go to jail for being on the track. So I ran." Here, the evidence, in its totality, was enough to support the conviction.

The evidence as presented at trial, when viewed in favor of the prosecution, was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The credibility of a witness is a question solely for the trier of fact (in this instance, the judge who conducted the bench trial). *Barnes v. State*, 181 Ga. App. 581 (353 SE2d 76) (1987).

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley, Pope, Benham and Beasley, JJ., concur. Sognier, J., dissents.*

SOGNIER, Judge, dissenting.

I respectfully dissent to that portion of the majority opinion which affirms appellant's conviction of burglary. The only evidence connecting appellant to the burglary was the fact that he was found in possession of property taken recently in the burglary. "Although there is still validity to the long-established rule that proof of recent, unexplained possession of stolen goods by the defendant is sufficient to create an inference that the defendant is guilty of the burglary of the goods, proof of recent, unexplained possession is not *automatically* sufficient to support a conviction for burglary." (Emphasis supplied.) *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983). Thus, such evidence only gives rise to an inference that the defendant committed the burglary; however, if the only evidence supporting the conviction is the evidence giving rise to the inference (recent possession),

then under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), such evidence must establish the offense beyond a reasonable doubt in order to be sufficient to support the conviction. Id. at 731; *Williamson v. State*, 248 Ga. 47, 56 (1) (c) (281 SE2d 512) (1981). In my opinion, the evidence does not establish appellant's guilt of burglary beyond a reasonable doubt. While the presumption or inference here would meet the "more-likely-than-not" test (since appellant possessed stolen goods, it was more likely than not that he stole them), set forth in *Leary v. United States*, 395 U. S. 6 (89 SC 1532, 23 LE2d 57), if the presumption satisfied only the *Leary* test, the jury, "relying on this evidence alone, would be permitted to convict the defendant without finding that he was guilty beyond a reasonable doubt." *Williamson*, supra. Since the *only* evidence that appellant committed the burglary was the fact that he was in possession of recently stolen property, the evidence is not sufficient to sustain his conviction of burglary under the standard of proof required by *Jackson v. Virginia*, supra. Id.; *Bankston*, supra.

Accordingly, I would reverse appellant's conviction of burglary and affirm his conviction of all other offenses.

DECIDED FEBRUARY 22, 1988.

*Drew R. Dubrin*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Carole E. Wall*, Assistant District Attorneys, for appellee.