76807. DALTON v. THE STATE.
(370 SE2d 823)

DEEN, Presiding Judge.

The appellant, Patricia Dalton, was convicted of simple battery, for which she was sentenced to 12 months' probation and payment of a $100 fine. On appeal, she contends that the trial court erred in its instructions to the jury.

On July 13, 1986, the appellant resided in a mobile home with her husband, her mother and her stepfather. On that day a deputy sheriff was called to the scene because of an argument between the appellant's husband and another man. The situation was fairly calm, when Tommy Toe, a neighbor, joined the crowd and called the appellant's brother a "son-of-a-bitch." The appellant, who claimed that she had told Toe to get off their property several times and that Toe had also called her names, then charged and struck Toe. The deputy sheriff placed only the appellant under arrest. *Held*:

1. The appellant contends that the trial court should have given the requested charge on defense of property other than a habitation. OCGA § 16-3-24 provides that "[a] person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to prevent or terminate such other's trespass on or other tortious or criminal interference with real property other than a habitation or personal property:

(1) lawfully in his possession; [or] (2) lawfully in the possession of a member of his immediate family. . . ." Obviously, Toe's trespass on the property was connected to the battery, since his presence made the appellant's attack possible, but it is clear from the appellant's own testimony that the appellant was provoked to assault Toe by the latter's name-calling, and not out of an intent to terminate his trespass on the property. Accordingly, the trial court properly omitted the requested charge.

2. The appellant also contends that the trial court should have instructed the jury on the use of "fighting words," on the grounds that her attack on Toe was justified by the latter's abusive language. However, when specifically asked by the trial court whether there were any objections to the jury charge, defense counsel objected only to the omission of the requested charge on defense of property, and did not reserve the right to raise other objections later. Under this circumstance, the appellant waived any objection to the omission of a jury charge on "fighting words." *Rann v. State*, 183 Ga. App. 234 (3) (358 SE2d 644) (1987).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 20, 1988.

*Neil A. Smith*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, Francis J. George, Assistant District Attorney*, for appellee.