A89A0096. JOHNSON v. THE STATE.

(380 SE2d 81)

SOGNIER, Judge.

Adrian Johnson was convicted on one count of burglary, four counts of armed robbery, one count of possession of a firearm during an attempt to commit armed robbery, and one count of criminal attempt to commit armed robbery, and he appeals.

1. Appellant contends the State failed to prove that the armed robbery charge in Count 2 occurred on the date alleged in the indict-

ment. Admitted into evidence at trial was appellant's statement to the police that he entered the Circle K Store (the site of the armed robbery in Count 2) at 11:45 p.m. on December 7 and committed the robbery. Although appellant asserts a conflict in the evidence exists because the store cashier testified that the armed robbery took place after midnight in the early hours of December 8, and that he was working his Friday-Saturday shift when it occurred (the date in the indictment having been a Monday), viewing the evidence in the light most favorable to the State, we conclude that the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that the armed robbery charge in Count 2 was committed by appellant on December 7, 1987 as alleged in the indictment under the standards set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Although the victims of the burglary, armed robberies, and attempted armed robbery were not able to identify appellant because the perpetrators of the crimes were wearing masks, we find appellant's statement given the police and submitted to the jury that he committed all the crimes except that alleged in Count 1 together with testimony by appellant's co-indictees regarding appellant's participation in the crimes to constitute sufficient evidence to identify appellant as the perpetrator of the crimes in Counts 2, 3, 4, 5, and 7. Although appellant made no statement to the police regarding the burglary charge in Count 1, appellant's co-indictee, Jeffery Bryant, testified that he and appellant broke into the small shop and stole a shotgun, which was identified by the victim as the shotgun taken in the burglary and which other testimony established was used by appellant in the subsequent armed robberies. Bryant's testimony was corroborated by evidence of appellant's recent possession of goods stolen in that burglary, see *Inman v. State*, 182 Ga. App. 209 (355 SE2d 119) (1987), which constituted evidence tending to prove appellant's identity and participation in the crime charged. Id.; see generally *Thompson v. State*, 186 Ga. App. 421, 422 (1) (367 SE2d 586) (1988). Since the evidence identifying appellant as the perpetrator of the crimes was ample to enable the jury to find beyond a reasonable doubt that appellant committed the crimes as charged, appellant's second enumeration presents no error requiring reversal.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989.

*Morris & Webster, Lee W. Fitzpatrick,* for appellant.
*David E. Perry, District Attorney, Ronald M. Adams, Assistant*

*District Attorney*, for appellee.

