A94A0673. IN THE INTEREST OF C. E. M., a child.
(444 SE2d 871)

Judge Harold R. Banke.

The appellant, C. E. M., was adjudicated delinquent by the juvenile court, based upon a finding that he had committed a burglary. His sole contention on appeal is that the evidence was insufficient to support that finding.

The victim and the appellant are both teenagers and avid collectors of basketball cards. At trial, the victim testified that around 5:30 p.m. on May 20, 1993, the appellant came to his house and expressed an interest in trading for some of the victim's cards. The victim showed his cards to the appellant on the front porch and discussed possible trades, but no trade was agreed upon. After the appellant left, the victim went out to dinner with his family.

The next morning, the victim and his mother noticed that a basement window had been broken, and later that day, the victim discovered that eight cards from his collection were missing. One of the missing cards was a Stadium Club Shaquille O'Neal card enclosed in a plastic case. Nothing else in the house had been taken.

Dang Duo, another neighborhood teenager who collected basketball cards, testified that he saw the appellant on the afternoon of the day in question and gave him directions to the victim's house. Duo encountered the appellant again about one hour later, at which time the appellant told him that he had just "snatched" some cards from the victim. The appellant gave him a Stadium Club Shaquille O'Neal card in a plastic case, which Duo later returned to the victim. Duo also testified that the appellant traded cards at school the next day.

The appellant admitted going to the victim's house to play basketball but denied breaking into the house and taking the cards. He also denied knowing where Duo lived or owning any of the cards missing from the victim's collection.

A defendant's recent unexplained possession of stolen property is sufficient to create an inference that the defendant committed the burglary, and must be considered along with other evidence of the

burglary in determining whether a rational trier of fact could find the defendant guilty of the burglary beyond a reasonable doubt. *Slater v. State*, 209 Ga. App. 723 (1) (434 SE2d 547) (1993). In the instant case, in addition to the inference arising from the appellant's unexplained possession of basketball cards following the burglary, the evidence also demonstrated that (1) the appellant had a keen interest in the cards prior to the burglary, (2) only those particular cards were stolen, and (3) the appellant made an incriminating statement acknowledging the theft and gave one of the stolen cards to a third individual.

To support a verdict, circumstantial evidence only has to exclude all reasonable hypotheses save that of the defendant's guilt. *Slater v. State*, supra at 724. Viewing the evidence in the light most favorable to the adjudication in this case, we find it sufficient to authorize a rational trier of fact to exclude every reasonable hypothesis except that of the appellant's commission of a delinquent act of burglary beyond a reasonable doubt. Id.; *H. R. G. v. State of Ga.*, 170 Ga. App. 776 (318 SE2d 210) (1984).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 8, 1994.

*Rich & Smith, Randolph G. Rich*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.