## A94A1276. ABERNATHY v. THE STATE.
### (448 SE2d 30)

McMURRAY, Presiding Judge.

Defendant was charged, via indictment, with burglary and possession of a firearm by a convicted felon. The evidence at a jury trial shows the following: The victim reported a burglary of his family homeplace after he "saw this brown station wagon sitting in the drive; and . . . noticed [defendant] coming in and out of the bushes with his arms loaded. . . . [T]he rear of the station wagon was open, and [de-

fendant] was placing items in there." Officer Johnny Richards of the Gordon County Sheriff's Department responded and found "a station wagon car backed up to the front of the residence." Defendant "was sitting behind the steering wheel on the driver's side." Items found in the defendant's pockets and in the station wagon were identified by the victim as family property which had been removed "[f]rom the residence and the storage building there[,]" without permission or authority. The police recovered "[a] small caliber handgun" from the passenger-side floorboard of defendant's station wagon.

Defendant was found guilty of burglary and possession of a firearm by a convicted felon. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first enumeration, defendant contends the evidence is insufficient to support either conviction. Specifically, he argues that the evidence shows only his mere presence at the scene and that the State did not disprove every reasonable hypothesis save that of his guilt.

" '[R]ecent possession of stolen goods will not automatically support a guilty verdict for theft or burglary under the *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)] standard in every case. Instead, recent possession is to be viewed as probative evidence of the crime, see 1 Wigmore on Evidence § 152 (3d ed. 1940), and reviewed along with the other evidence in the case to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.' [Cit.]" *Bankston v. State*, 251 Ga. 730, 731 (309 SE2d 369). " '(W)hether or not a defendant's explanation of his possession of the stolen property is satisfactory or reasonable is a question for the jury. (Cit.)' *Brown v. State*, 157 Ga. App. 473, 474 (1) (278 SE2d 31) (1981)." *Williams v. State*, 205 Ga. App. 397 (1) (422 SE2d 438). In the case sub judice, the jury was authorized to disbelieve defendant's explanation for his presence at the scene in possession of the stolen property and also disbelieve his explanation of why a gun was inside his vehicle. See, e.g., *Howard v. State*, 186 Ga. App. 7 (366 SE2d 369). Evidence that defendant was caught "red-handed" with items stolen from the victim's homeplace is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of burglary as charged in the indictment. *Shaw v. State*, 211 Ga. App. 647 (1), 648 (440 SE2d 245). Evidence that a "small caliber handgun" was found on the floor of his vehicle authorized the jury's finding that defendant is guilty, beyond a reasonable doubt, of possession of a firearm by a convicted felon. See *Black v. State*, 261 Ga. 791, 795 (10) (410 SE2d 740).

2. In his second enumeration, defendant contends the trial court erred "in failing to grant a new trial because trial counsel was ineffective to the extent that [defendant's] due process rights were violated

and he did not receive a fair trial."

"In order to preserve the issue of trial counsel's effectiveness for appellate review, 'a claim of ineffective assistance of counsel (must) be determined by means of an evidentiary hearing at the earliest practicable moment.' *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991)." *Duitsman v. State*, 212 Ga. App. 348, 350 (4) (441 SE2d 888). " '[W]here the issue of effectiveness is raised for the first time on appeal by an appellate attorney who did not represent the defendant at trial *or on motion for new trial* and who did not file an amended motion for new trial, a remand for hearing on the issue of effectiveness may be appropriate. *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) (1989).' (Emphasis supplied.) *Meders v. State*, 260 Ga. 49, 55 (389 SE2d 320) (1990)." *Owens v. State*, 263 Ga. 99, 102 (3) (428 SE2d 793).

In the case sub judice, defendant's trial attorney filed a timely motion for new trial on defendant's behalf, but he did not raise the issue of his own ineffectiveness in the motion for new trial. Further, there is no indication in the record that the issue of ineffective assistance of trial counsel was thereafter raised in the trial court via an amended motion for new trial or by an attorney (other than defendant's trial attorney) at the hearing on defendant's motion for new trial. The record shows only that the trial court entered an order denying defendant's motion for new trial on February 3, 1994, and that, on February 18, 1994, the attorney representing defendant on appeal (not defendant's trial attorney) filed a notice of appeal enumerating (in pertinent part) ineffective assistance of counsel. The State contends this enumeration presents nothing for review because defendant's appellate attorney did not raise the issue of ineffective assistance of counsel at the hearing on defendant's motion for new trial.

The record does not include a transcript of a hearing on defendant's motion for new trial, nor does it otherwise disclose at what point appellate counsel first appeared on behalf of defendant. Further, this Court's inquiry with the clerk of the trial court reveals that a transcript of the hearing on defendant's motion for new trial is not a part of the trial court's record. Consequently, we cannot determine whether appellate counsel was present at the hearing on defendant's motion for new trial; nor can we determine whether he or any other attorney (other than defendant's trial attorney) had an opportunity to raise the issue of ineffective assistance of trial counsel before the trial court's ruling on defendant's motion for new trial. We therefore "defer the determination of the issue of waiver to . . . proceedings on remand. See *Gary v. State*, 260 Ga. 38 (2) (389 SE2d 218) (1990)." (Footnote omitted.) *Black v. State*, 261 Ga. 791, 797 (19), 798 (410 SE2d 740). In the event the trial court finds no such waiver upon remand, i.e., that defendant did not have an opportunity to raise the

issue of ineffective assistance of trial counsel "at the earliest practicable moment," the trial court is directed to resolve defendant's claim of ineffective assistance of trial counsel. Compare *Bailey v. State*, 264 Ga. 300 (443 SE2d 836); *Owens v. State*, 263 Ga. 99, supra. If the trial court finds that defendant's claim of ineffective assistance of trial counsel is precluded because the issue was not raised "at the earliest practicable moment," then defendant's right to appeal that finding within 30 days after entry of the trial court's order is preserved. See *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797).

3. Defendant's pro se motion for appeal bond has been considered and is found to be moot.

*Judgment affirmed and case remanded with direction. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 3, 1994.

*Scott J. Forster*, for appellant.
Willis M. Abernathy, *pro se.*
*T. Joseph Campbell, District Attorney, Rebecca B. Tierce, Mickey R. Thacker, Assistant District Attorneys*, for appellee.